## (October 21, 1971)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND S. PHARO, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered March 25, 1968, upon a verdict convicting defendant of

the crimes of burglary in the third degree and petit larceny. Error was not committed by the court in denying defendant's application for a pretrial identification hearing, since, before introducing the in-court identification by taxi driver Cummings, it was established by clear and convincing proof, at a hearing held by the Judge out of the presence of the jury, that it was based upon observations of the suspect other than at the hospital or police station (*People* v. *Ganci,* 27 N Y 2d 418, 427; *People* v. *Ballott,* 20 N Y 2d 600, 606, 607; see CPL 710.30, eff. Sept. 1, 1971). Since said chauffeur had ample opportunity to observe defendant for a considerable period and under favorable conditions during the commission of the crime and his course of flight from the scene, it is clear that his courtroom identification testimony was not based on or tainted by the potentially misleading circumstances attending his earlier identifications at those places (*People* v. *Brown,* 20 N Y 2d 238, 243–244, cert. den. 390 U. S. 928; *People* v. *Weis,* 32 A D 2d 856, cert. den. 397 U. S. 1047). There was testimony that defendant admitted the burglary (cf. *People* v. *Roe,* 36 A D 2d 1012), defendant testified that he was apprehended by police under a parked vehicle shortly after and near the commission of the crime, early in the morning when bitterly cold, and the evidence of defendant's guilt was overwhelming (cf. *People* v. *Logan,* 25 N Y 2d 184, 188; *People* v. *De Loache,* 33 A D 2d 671). There was no reversible error in the summation by the Assistant District Attorney. Judgment affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.